IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRI LYNN JONES                                                                PLAINTIFF

vs.                          Civil No. 4:08-cv-04091

MICHAEL J. ASTRUE                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Terri Lynn Jones ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 2).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff filed an application for SSI on August 1, 2005. (Tr. 47-49). Plaintiff alleged she was disabled due to bipolar disorder. (Tr. 92). Plaintiff alleged an onset date of August 1, 2005. (Tr. 92). This application was initially denied on September 12, 2005 and was denied again on

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

reconsideration on June 20, 2006. (Tr. 33-39).

On July 26, 2006, Plaintiff requested an administrative hearing on her application. (Tr. 40-41). This hearing was held on June 29, 2007 in Texarkana, Arkansas. (Tr. 196-231). Plaintiff was present and was represented by counsel, Charles Tilmon, at this hearing. *See id.* Plaintiff, Plaintiff's witness Brad Watson, and Vocational Expert ("VE") Mack Welch testified at this hearing. *See id*. On the date of this hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a high school education with some college credit. (Tr. 202).

On June 26, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 13-22). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 1, 2005. (Tr. 15, Finding 1). The ALJ determined Plaintiff had the severe impairment of bipolar disorder. (Tr. 15, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-21). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible. (Tr. 20). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC to perform work at all exertional levels, however Plaintiff's bipolar disorder resulted in non-exertional limitations of routine and superficial tasks learned by experience with several variables,

judgment within limits, and supervision required for detailed but not for routine items. (Tr. 18, Finding 4).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy. (Tr. 21-22, Findings 5, 9). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 203, 212, 224-227). Based upon this testimony, the ALJ determined Plaintiff had no PRW. (Tr. 21, Finding 5).

However, the ALJ determined Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 21, Finding 9). Specifically, the VE testified Plaintiff would be able to perform work as light assembly with approximately 340,000 such jobs in the region and 1,700,000 such jobs in the nation, light janitor and hotel maid with approximately 600,000 such jobs in the region and 3,100,000 such jobs in the nation, and mail room clerk with approximately 34,000 such jobs in the region and 170,000 such jobs in the nation. (Tr. 226-227). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act since August 1, 2005, which was the date the application was filed (Tr. 22, Finding 10).

On July 15, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On September 25, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On October 10, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 17, 2008. (Doc. No. 2). Both parties have filed appeal briefs. (Doc. Nos. 5,6). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

4

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming (1) the ALJ erred in his evaluation of Plaintiff's subjective complaints of pain and erred in his evaluation of Plaintiff's credibility, (2) the ALJ erred in his RFC assessment, and (3) the ALJ erred in finding Plaintiff would be able to perform other work existing in significant numbers in the national economy. In response, Defendant argues (1) the ALJ properly considered Plaintiff's subjective complaints of pain, (2) the ALJ properly determined Plaintiff's RFC, and (3) the ALJ properly found Plaintiff would be able to perform other work existing in significant numbers in the national economy.

#### A. Credibility Determination

Plaintiff claims the ALJ erred in evaluating her subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski*

5

*v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*..

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ outlined the *Polaski* factors, addressed those factors, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 19-21). Specifically, the ALJ noted the following: (1) Plaintiff's restricted pattern of daily living was inconsistent with the objective clinical and medical findings, (2) Plaintiff did not report any adverse affects to medicine, (3) Plaintiff's physician's had not placed limitations on daily activities to the extent Plaintiff claimed, (4) Plaintiff's medical records did not support her claimed functional limitations, (5) Plaintiff's poor work history showed no SGA since 2003, and (6) Plaintiff failed to take medications for over a year and a half, even though she testified she did better on medication.

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### B. RFC Determination

Plaintiff claims the medical evidence does not support the ALJ's RFC finding. (Doc. No. 5, Page 1). Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform work at all exertional levels. (Doc. No. 6, Page 4).

This Court finds the ALJ's RFC determination is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his RFC determination. Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Plaintiff alleged a disability due to bipolar disorder. Plaintiff made no allegation she experienced a physical impairment. (Tr. 92). The ALJ found Plaintiff had the RFC to perform work at all exertional levels, however Plaintiff's bipolar disorder resulted in non-exertional limitations of routine and superficial tasks learned by experience with several variables, judgment within limits, and supervision required for detailed but not for routine items. (Tr. 18, Finding 4).

The ALJ found Plaintiff's medical evidence did not support a claim of disabling impairment.

(Tr. 20). On May 2, 2005 Plaintiff was seen at Southwest Arkansas Counseling and Mental Health Center ("SACMHC") indicating she was depressed, but had been out her medicine for several months. (Tr. 164). Plaintiff denied having a primary physician and indicated her most recent treatment for her condition occurred in 1996. (Tr. 166). Significantly, the mental status examination showed no delusions, aggression or hallucinations. Also, Plaintiff's demeanor appeared appropriate and her thought processes were logical. (Tr. 169). Plaintiff was seen at SACMHC on May 19, 2005 and she indicated she was feeling more stable since being on her medication. (Tr. 158).

Plaintiff was seen by Dr. Oladele Adebogum with SACMHC on September 23, 2005. (Tr. 143). Plaintiff indicated she was in better spirits with no crying spells. (Tr. 143). Dr Adebogum stated Plaintiff's bipolar condition was stabilized. (Tr. 143). Plaintiff returned to see Dr. Adebogum on Janaury 6, 2006. (Tr. 142). The report indicated Plaintiff had some anxiety and depression during the holidays, but her insight was good and her thought processes were logical. (Tr. 142).

Further support for the ALJ's RFC determination is found in Plaintiff's Mental RFC assessment. (Tr. 117-139). This report found Plaintiff had mild restriction of activities of daily living; moderate difficulties in maintaining social functioning and maintaining concentration, persistence, or pace; and no episodes of decompensation. (Tr. 135, 139). The assessment determined Plaintiff experienced either no significant limitations or no more than moderate limitations in all twenty categories. (Tr. 117- 118).

Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds that the ALJ's RFC determination should

9

be affirmed.

### C. Step 5 Determination

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart,* 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge,* 321 F.3d at 768-69.

In this matter, ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform work at all exertional levels, however

Plaintiff's bipolar disorder resulted in non-exertional limitations of routine and superficial tasks learned by experience with several variables, judgment within limits, and supervision required for detailed but not for routine items. (Tr. 18, Finding 4).

In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 226-227). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 21, Finding 9). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 22).

I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and local economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of January, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE